UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CITY OF LANCASTER,**

      Plaintiff,

v.

      Civil Action 2:10-cv-01041
      **Judge Algenon L. Marbley**
      **Magistrate Judge E.A. Preston Deavers**

**FLAGSTAR BANK, FSB,** *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff City of Lancaster's Motion for a Protective Order and to Stay Discovery. The City of Lancaster (the "City") specifically requests that the Court enter a protective order staying discovery pending disposition of its Motion to Dismiss Counts I and II of Flagstar Bank, FSB's Counterclaim and Motion for Judgment on the Pleadings as to Count I of the Complaint and Count III of Flagstar Bank, FSB's Counterclaim. Defendants Flagstar Bank, FSB ("Flagstar") and Island Capital Investment Group, LLC ("Island Capital") both oppose the City's Motion. For the reasons that follow, the City's Motion for a Protective Order and to Stay of Discovery is **DENIED**.

### I. INTRODUCTION

A.    Factual and Procedural Background

In September 2006, the City approved an ordinance authorizing the execution of a Tax Increment Financing Agreement (the "TIF Agreement") in connection with the development of property within the City. (Compl. ¶ 7, ECF No. 3.) Pursuant to the TIF Agreement, in exchange for the City providing debt to pay the costs of public improvements, Island Capital, and other

developers, were required to make service payments to the City. (Countcl. ¶ 8, ECF No. 5.) Among its terms, the TIF Agreement required Island Capital to obtain a Letter of Credit ("LOC") to secure the debt associated with the development project. (Compl. at ¶ 9.) Consequently, Island Capital obtained an irrevocable standby LOC from Flagstar. (*Id.* at ¶ 14.)

The City maintains that Island Capital failed to provide a new LOC by September 18, 2009, in accordance with the TIF Agreement. The City further maintains that on October 1, 2009, it learned that Flagstar received a downgrade in its credit rating. (*Id.* at 20–21.) In October 2009, therefore, the City demanded payment under the LOC, which Flagstar subsequently provided. (*Id.* at 22–23.) Flagstar contends that it provided a replacement LOC on November 2, 2010, but that the City refused to accept the replacement LOC and refused to return the $542,160 it had retained from its draw on the LOC. (Countcl. ¶¶ 22–23, ECF No. 5.)

The City brings this action for declaratory and injunctive relief against Island Capital and Flagstar. In Count I of its Complaint, the City seeks a declaration that it has a right to retain the proceeds of its draw on the LOC it received from Island Capital pursuant to the TIF Agreement. (Compl. ¶ 31, ECF No. 3.) Additionally, the City asks the Court to declare that it is entitled to apply the proceeds of the LOC to debt associated with the underlying development project. (*Id.* at ¶¶ 31–32.) The City seeks injunctive relief in Count II of its Complaint, requesting that the Court bar future claims challenging the City's right to possession and use of the LOC proceeds. (*Id.* at 39.)

Flagstar filed a Counterclaim against the City. In Count I of the Counterclaim, Flagstar maintains that the City breached its obligations under the TIF Agreement by failing to provide Island Capital sufficient notice or an opportunity to cure the alleged default and by refusing to

accept the replacement LOC that Flagstar presented on behalf of Island Capital.[1] (Countercl. ¶ 28.) Flagstar requests, in the alternative, that the Court require the City to accept the replacement LOC. (*Id.* at ¶ 37.) Finally, in Count III of its Counterclaim, Flagstar seeks a declaration that the City may only use the remaining funds from the draw to make debt service payments that are in proportion to Island Capital's share of the debt and only in the event Island Capital fails to make timely service payments. (*Id.* at ¶ 44.)

On December 27, 2010, the City filed its Motion to Dismiss Counts I and II of the Counterlcaim. In the Motion, the City maintains that the plain language of the TIF Agreement does not require the City to provide any notice or cure period before drawing on the LOC. The City also contends that it is under no obligation to accept a replacement letter of credit. (*See generally* Mot. Dismiss, ECF No. 9.) In opposition to the City's Motion, relying on the general notice and cure provision in the TIF Agreement, Flagstar contends that it has adequately stated claims sufficient to overcome the Rule 12(b)(6) challenge. (Mem. Opp'n Mot. Dismiss 11–13, ECF No. 10.) Furthermore, Flagstar maintains that a fair reading of the contract, in light of the City's duty of good faith, created an obligation for the City to accept a replacement LOC. (*Id.* at 13–15.)

In addition to its Motion to Dismiss, the City filed a Motion for Judgment on the Pleadings as to Count I of its Complaint and Count III of Flagstar's Counterclaim. The City maintains that it is entitled to judgment as a matter of law because, under the plain language of the TIF Agreement, the City is to deposit the proceeds from the LOC into the TIF fund and use

---

[1] Flagstar brings its breach of contract claim as the alleged assignee of Island Capital. (Countercl. ¶ 29, ECF No. 5.)

such proceeds to pay debt services as to the entire debt.[2]  (Mot. J. Pleadings 7–9, ECF No. 14.)  Flagstar, on the other hand, asserts that disputed issues of fact exist in this case, such as whether the City, through its actions, waived strict compliance with portions of the TIF Agreement.  (*See* Mem. Opp'n Mot J. Pleadings 10-16, ECF No. 19.)  Flagstar also maintains that the TIF Agreement is ambiguous and requires extrinsic evidence to assist in its interpretation.  (*Id.* at 15–16.)

Finally, the City has filed a Motion for Oral Argument and for Expedited Consideration of its dispositive motions.  In justifying the need for expedited consideration, the City emphasizes that having to hold the funds at stake, without being able to apply the funds to pay debt services, is a burden to it as a small municipality.  (Mot. Oral Arg. 3, ECF No. 17.)

B.  The City's Motion for Protective Order and to Stay Discovery

In its Motion for Protective Order and to Stay Discovery, the City contends that its pending dispositive motions will require the Court to consider only the contract itself and will dispose of the case as a matter of law.  (Mot. Stay Disc. 3, ECF No. 16.)  The City emphasizes that discovery is unnecessary because the TIF Agreement is clear on its face and the issues involved are purely legal in nature.  (*Id.* at 8–10.)  Moreover, the City contends that all of the areas Flagstar identifies for discovery are irrelevant to the contested issues.  (*Id.* at 10–14.)  Finally, the City contends that no prejudice will befall any party from a stay of discovery.  Instead, the City insists that it will be prejudiced if it is forced to engage in discovery because of the associated costs on a small municipality with limited public resources.  (*Id.* at 14–15.)

---

[2] The City also moves the Court to dismiss Count III of Flagstar's Counterclaim, as it would require the Court to interpret the TIF Agreement differently.  (Mot. J. Pleadings 9–13, ECF No. 14.)

4

Defendants oppose the City's Motion for a Protective Order and to Stay Discovery. Flagstar maintains that interpretation of TIF Agreement will ultimately involve questions of fact that will necessitate discovery. (Flagstar's Mem. Opp'n Mot. Stay Disc. 2, ECF No. 20.) Additionally, Flagstar asserts that the City has failed to demonstrate an undue burden if discovery is allowed; that Flagstar will be prejudiced by a stay because discovery information will be necessary to its defense; and that the City's dispositive motions are ultimately without merit due in part to questions of fact and the need for discovery. (*See generally id.*) Island Capital, in opposing the City's Motion, also emphasizes that the presence of a dispositive motion is generally insufficient to justify staying discovery.[3] (Island Capital Mem. Opp'n Mot. Stay Disc. 2–3, ECF No. 18.)

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). To determine whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id.* at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing

---

[3] In its Reply, the City stresses that Defendants have failed to adequately identify any factual issues requiring discovery in this case and that Defendants will not be prejudiced by a stay in discovery. (*See generally* Reply, ECF No. 21.)

5

*Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir.1983)).  The United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999)).

In exercising its discretion in this area, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery."  *Bowens*, 2010 WL 3719245, at *2 (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (Sept. 7, 2010) ("unless the motion raises an issue such as immunity from suit . . . or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.")  The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461.  Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. . . .  Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court

> to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990)).

### III.  LEGAL ANALYSIS

In this case, the Court finds that the City has failed to demonstrate that a stay of discovery is justified. In support of its request for a stay of discovery, the City emphasizes that its Rule 12(b)(6) and 12(c) Motions will dispose of the case.[4] The City stresses that the issues involved in the Motions rest purely on interpretation of the TIF Agreement, which the City contends is clear on its face, and that discovery will not be necessary to resolve this case. Flagstar, on the other hand, maintains that several issues of fact remain in dispute, and that the TIF Agreement is ambiguous, making discovery necessary.

As detailed above, the Court generally requires more than the mere presence of case-dispositive motions to stay discovery. Here, the parties' contentions as to whether the TIF Agreement is clear on its face and whether discovery is necessary are undoubtable intertwined with the ultimate merits of the pending dispositive motions. To render this decision on the basis of the strength of the City's arguments in support of its Motions would impermissibly require the Court to make a preliminary determination on the merits. The Court finds that, under these circumstances, it would be inappropriate to delve into the merits of dispositive motions that are

---

[4] The parties contest, to some degree, whether the City's pending Motions have the potential to resolve the entire case.

pending before the District Judge in order to determine whether a stay is appropriate. Additionally, having reviewed the case dispositive motions, and related briefing, it is readily apparent that none of the parties' contentions are frivolous. *See Williams*, 2010 WL 3522397, at *2 (suggesting that a motion to stay might be appropriate where "it is patent that the case lacks merit and will almost certainly be dismissed"); *Ohio Bell Telelphone*, 2008 WL 641252, at *2 (refusing to stay discovery due to a dispositive motion where the issues the motion raised were "fairly debatable").  The City may ultimately prevail on its position that the TIF Agreement is clear on its face and that there are no issues of disputed fact in this case.  These matters, however, are for the District Judge to address in considering the City's pending Rule 12(b)(6) and 12(c) Motions.

The Court also concludes that the City has failed to sufficiently demonstrate that any discovery will be unduly burdensome in this case.  In contending that it will be prejudiced by discovery, the City relies solely on the notion that the process will impose additional costs that will ultimately prove unnecessary. Yet, the City makes no effort to detail the specific burdens it will face from discovery in this case; nor does it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court.

Finally, the Court finds that the City has other means, outside of a stay of discovery, to obtain the remedy it seeks, which it has already exercised.  To the extent the City seeks a speedy resolution to this case, it has already filed a Motion for Expedited Consideration.  Furthermore, if Defendants request information in discovery that the City believes is not discoverable or would be unduly burdensome, it is free to oppose such requests pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff City of Lancaster's Motion for a Protective Order and to Stay Discovery (ECF No. 16) is **DENIED**.

Although the parties are free to object to this Order pursuant to 28 U.S.C. § 636(b), the Order shall "remain[] in full force and effect unless and until it is stayed by the Magistrate Judge or a District Judge."  S.D. Ohio Civ. R. 72.3.

**IT IS SO ORDERED.**


Date: April 5, 2011                                         /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge